UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| George Cleveland, III, ) | C/A No. 4:17-cv-02112-RBH-TER |
| ) | |
| Petitioner, ) | |
| vs. ) | Report and Recommendation |
| ) | |
| Director Jerry B. Adger, *South Carolina Department* ) | |
| *of Probation Parole & Pardon Services*, ) | |
| ) | |
| State of South Carolina ) | |
| ) | |
| Respondent. ) | |

On August 4, 2017, Petitioner filed a Motion for an Extension to File a § 2254 Petition. (ECF No. 1). Petitioner alleged his grounds for extension were multiple state court cases and a "huge" case file. Petitioner asserted the one-year statute of limitations ran under § 2244(d) on August 4, 2017;[1] his reasoning was that it was a year from the South Carolina Supreme Court's denial of his Petition for Rehearing. Petitioner requested an extension to file his Petition until October 4, 2017.

In its August 17, 2017 Order, the court informed Petitioner that his future Petition would be considered filed as of the date his Motion was filed, but the court would not be ruling on Petitioner's Motion. (ECF No. 9). The court's Order instructed Petitioner to file a habeas petition within 21 days. (ECF No. 9). Petitioner was informed that failure to follow the court's Order could result in dismissal of his action for a failure to prosecute under Fed. R. Civ. Proc. Rule 41. (ECF No. 9).

---

[1] From publicly available records from Greenville County courts, it appears that the limitations period has already ran, at least 100 days before August 4, 2017. His conviction was final in November 2013; his PCR was filed April 3, 2014; the date the PCR remittitur was filed in the lower court was August 8, 2016. However, there is no Petition before the court and the court does not rule on the merits of this issue.

On September 12, 2017, Petitioner filed another Motion for Extension of Time to File Habeas Petition. (ECF No. 14). Petitioner stated his request was based on four other court deadlines in the "next couple of months." (ECF No. 14). Petitioner stated that there was "simply not enough time to prepare [his] Petition with the above cases, [his] job, and school work." (ECF No. 14). Petitioner requested an extension until October 27, 2017. (ECF No. 14).

On September 18, 2017, the court again stated it would not be ruling on said motions and ordered Petitioner to file his Petition within 21 days. (ECF No. 15). The court again informed Petitioner that failure to comply with the court's order could result in dismissal of his case. The Court again informed Petitioner that the date he filed his first Motion in August would be used as the filing date of his Petition once he filed his Petition. (ECF No. 15).

On October 3, 2017, Petitioner filed a Motion for Clarification of the Court's Prior Order. (ECF No. 18). Petitioner asserted the court's order was irrelevant to his request for more time to file his habeas Petition. (ECF No. 18).

Petitioner has failed to follow court orders. Petitioner has not filed a Petition.

This court lacks the authority to grant Petitioner's Motion for Extension due to a lack of jurisdiction. The filings before this Court fail to present a case or controversy within the meaning of Article III of the U.S. Constitution because no such petition has been filed. *U.S. v. Leon*, 203 F.3d 162 (2d Cir. 2000). The Second Circuit Court of Appeals noted that any opinion rendered on the timeliness issue would be merely advisory because the Petitioner had not yet filed an actual petition such that there was no case or controversy to be heard. *Id.* at 164. A federal court lacks jurisdiction to consider the timeliness of a habeas petition until a petition is actually filed. *Id.* (collecting cases).

If or when Petitioner actually files his habeas petition, Petitioner may re-raise any arguments

2

regarding timeliness at that time. Until then, the court lacks jurisdiction to consider the matter. The court gave Petitioner multiple opportunities to file his Petition.

## **RECOMMENDATION**

Accordingly, it is recommended that this case be dismissed without prejudice and that all pending motions be deemed moot.

**IT IS SO ORDERED**.

s/ Thomas E. Rogers, III  
Thomas E. Rogers, III  
United States Magistrate Judge

October 12, 2017  
Florence, South Carolina

**Petitioner's attention is directed to the important notice on the next page**.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).