| | | |
|---|---|---|
| George Cleveland, III, | ) | Civil Action No.: 4:17-cv-02112-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Director Jerry B. Adger, *South Carolina* | ) | |
| *Department of Probation Parole & Pardon* | ) | |
| *Services*; and State of South Carolina, | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

Petitioner George Cleveland, III, proceeding pro se, initiated this action by filing a Motion for an Extension of Time to File a § 2254 Petition. *See* ECF No. 1. The matter is before the Court for review of the Report and Recommendation (R & R) of United States Magistrate Judge Thomas E. Rogers, II, who recommends summarily dismissing this case without prejudice.[1] *See* ECF No. 19.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Petitioner has not filed objections to the R & R, and the time for doing so has expired.[2] In the

---

[1] This matter was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2) (D.S.C.).

[2] Petitioner's objections were due by October 30, 2017. *See* ECF Nos. 19 & 20. The prison mailbox rule recognized in *Houston v. Lack*, 487 U.S. 266 (1988), does not apply in this case because Petitioner is not a prisoner. *See* 487 U.S. at 271.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."[3] Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484–85. Here, Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

After a thorough review of the record in this case, the Court finds no clear error. Accordingly, the Court adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 19]. The Court **DISMISSES** this case *without prejudice*. The Court **DENIES** a certificate of appealability because

---

[3] As explained in the R & R, the Court lacks jurisdiction to consider Petitioner's motion. *See* ECF No. 19 at p. 2. However, the Court denies a certificate of appealability to the extent permitted by law.

Petitioner has not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

Florence, South Carolina  
November 1, 2017

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge